All right, Ms. Garst, you may proceed. Thank you, Your Honor. May it please the Court, my name is Hannah Garst. I represent Defendant Appellate Alfred Jerry. The issue in this case is whether a Hobbs Act robbery qualifies as a crime of violence under the sentencing guidelines, and in this case, whether the District Court committed plain error by finding that it did so. Now all the circuits that have directly and squarely addressed this issue have held that it does not. This includes the Eleventh Circuit, the Sixth Circuit, the Tenth Circuit, an unpublished the Third Circuit, as well as the Ninth Circuit, and they agreed in the context of two state statutes that are virtually identical to the Hobbs Act robbery. Ms. Garst, can you update us on where things stand with regard to any requests by the Department of Justice with regard to the application note and where the sentencing, where that I believe that the Sentencing Commission has already proposed a new amendment that would encompass a Hobbs Act robbery, but that amendment has not been approved as of yet, and I believe it's because the Sentencing Commission has not fully filled all their positions, and so they couldn't vote on it as of the time of the amendment, so it's still outstanding, and at this time, be our contention that the Hobbs Act robbery would not, without this amendment, would not be a crime of violence under the guideline definition. And just so we have the context, what was the timing as to when the amendment was proposed? Do you happen to know that? I believe that the amendment was in 2016, or no, I'm sorry. The amendment was 2019, it's supposed to be? December of 2018. Okay, sorry. It was a proposed amendment, and you're right, they haven't had a quorum since then. Garst, if we were to agree with you in remand, is there any reason that the district court could not take advice from the proposed amendment, which says, enough, finally, with this categorical method for evaluating prior offenses or the predicate offenses, focus instead, finally, on what actually happened? Well, Your Honor, I believe that the district court would have to correctly calculate the guideline first, and then they would have to justify any variance, which in this case, it'd be our contention that it would be a substantial variance from the corrected guideline, and ultimately, the district court, if they could justify it, could potentially come up with a similar sentence, but it would have to be based on a variance, not the guideline itself. But based simply on what happened, as opposed to the theoretical possibility of how the Hobbs Act robbery statute could be violated, right? I'm not sure I understand. Oh, we'll let it go. Go ahead. Your Honor, the reason why we're talking about this in the first place is because of the residual clause, and when it was taken out of the Armed Career Criminal Act, the sentencing commission itself removed it from the career offender guideline, and at that point, the crime of violence no longer encompassed a Hobbs Act robbery, which includes and can be committed by both threats to person or property. Now, I believe that the argument between the parties really boils down to whether or not the enumerated offense of extortion encompasses a Hobbs Act robbery. Now, it's our contention that because a Hobbs Act robbery can be merely threats to property and can be violated without obtaining something of value, that the Hobbs Act robbery is more expansive than the definition, the guideline definition of crime of violence. Now, the sentencing commission intentionally narrowed the definition of extortion for career offenders. They stated that obtaining something of value from another by wrongful use of force, fear of physical injury, and threat of physical injury. Now, this was a substantial change to the definition in order to enhance only the most dangerous offenders. Now, it's telling, too, that the sentencing commission also removed burglary as an enumerated offense because they stated that burglaries rarely result in physical violence. So it seemed that the physical violence was important. And when you look at the comments, they stated that they limited it, but as opposed to nonviolent threats. And one example they gave was injury to reputation. Now, they didn't say threats to property. Yeah, time is pretty short. And I think the real pressure point in this case on whether the error was, is on whether the error was plain and obvious. Sure. Because or clear and obvious as needed for, to make the error plain so that it should have been recognized to a sponte by the district judge. And this is an area that is fraught with esoteric distinctions such that almost nothing is obvious. So, you know, why don't we just accept that this was error, but it's not the sort of error that the district judge should have, or that we should correct because the district judge should have recognized it to a sponte. Sure. It was already a straightforward application of well-established categorical approach framework. There's nothing that's straightforward about the categorical approach. I think that was the thrust of judge Hamilton's question. Sure. But the, there was already a process in place for determining whether a crime of violence met the categorical approach guideline. Now this was 2016 when, when this came forward. Now the department of justice and the sentencing commission recognized that this was a problem in 2018. We have the 10th circuit, the sixth circuit as early as 2017 stating that a Hobbs robbery does not amount to a crime of violence. And then Mr. Jerry is sentenced in 2020. Many years, I mean, at least three years have passed since this is an ordinary and regular approach to determining whether something fits under the crime of violence under the guidelines. Now the district court missed it. The probation missed it. The government missed it and the defense attorney missed it. But given that this clearly affected substantial rights, I mean, there's a significant difference in the guidelines as to what would be a proper calculation versus what the district court calculated that there's, there's no, there's nothing in the record to suggest that the defense attorney made an intentional decision to not raise this whatsoever below. And this court has repeatedly held that a sentencing based on an incorrect guideline range constitutes plain error and warrants remand for resentencing. And in here, there's, there's no reason to believe that it didn't affect the district court selection of sentence position. Ms. Garst, then any error, but in essence, that part of the plain error standard, the plain part doesn't apply to the guidelines. Any error in the guidelines has to be correctable for the first time on appeal. Your Honor, I don't, I don't believe that the case law would, would support that. But what we're saying is that this was a well-established approach to specifically crime of violence. And this was not something new. This was not something distorted or. It's not a question of the approach. It's a question of the answer. And I'm particularly interested in your answer to the government's point that in essence, while he was charged with your art categorical argument for taking Hobbs act robbery out of the definition, puts you squarely into Hobbs act, or it puts you into the enumerated extortion crime under the guidelines. Well, your Honor, a lot of the courts that have looked at this has could be either robbery or extortion, but at no, at no time was Mr. Jerry I'm charged with. It's not a question of what he was charged with. It's a question of whether the enumerated listing of extortion provides a sufficient rebuttal to your categorical argument about Hobbs act robbery. Your Honor, may I, may I answer your question? I see my time is up. Yeah. Because the Hobbs act encompasses threats to property. We would contend that it can be violated without obtaining something of value. And for the extortion, you must obtain something of value. And because the Hobbs act robbery is broader than that, it cannot be categorically, or it does not fit within the guideline definition of extortion. Thank you. Thank you. Mr. Good morning, your honors may it please the court. I'm Scott Simpson on behalf of the United States. As we've observed the defendant here has to meet all three elements of the plain error standard. The first of which is the air must be clear and clear or obvious and not subject to reasonable dispute. I hope our brief shows that there's at least a reasonable dispute here has judge Sykes observed earlier. This is a difficult area. Another way this court has stated that part of the standard is that the error must be sufficiently certain that the trial judge and prosecutor were derelict and countenancing it. That's a pretty strong word derelict. And that's, that's the question here, not simply whether we Hobbs act robbery should be considered a crime of violence under the career offender guideline. I suspect I agree with Ms. Garst that this case will probably come down to whether this court agrees that it is not derelict to think that physical injury under the guidelines definition of extortion can include entry to property. So the question comes down to whether it's plain error to conclude that Hobbs act robbery carried out by threats to property constitutes extortion as defined in the career offender guideline. The guidelines define extortion as obtaining something of value from another by the wrongful use of force, fear of physical injury or threat of physical injury. Physical most basically means material or composed of matter and injury means damage. Physical injury refers to damage caused by the use of physical force and physical force can be applied against either persons or property. The term physical injury actually occurs only about 18 times in the guidelines manual. Twice the guidelines use the phrase physical injury to a add that additional phrase to the person to exclude entry to property. Now in contrast the guidelines show abundantly that the commission knows how to refer to bodily injury when it wants to. That phrase, that very phrase bodily injury appears more than 200 times in the guidelines manual. If I could cite just four examples of that to calibrate the offense level for assault and aggravated assault the the measure is specifically bodily injury not physical injury more generally. Number two the offense level for robbery is increased for bodily injury not merely for any physical injury that might occur to the victim's property in the course of robbery. Number three the offense level for operating a common carrier such as a bus under the influence of drugs or alcohol is increased if bodily injury results but there's no reference to the general physical injury including injury to property that I think would be very likely to occur from operating a common carrier under the influence. And finally number four perhaps most tellingly when section 2b 1.1 gives the offense level for range of crimes theft property damage and similar crimes the level is increased if the offense involved the conscious or reckless risk of death or serious bodily injury not just again not just physical injury again reflecting the fact that physical injury can include injury to the property involved. If the commission had wanted to limit extortion to the wrongful use of physical injury to a person it easily could have said bodily injury or physical injury to the person as it has it did a number of times in the guidelines but that's not what the definition of extortion says. Also in adopting the definition of extortion the commission said it extended it intended to exclude quote non-violent threats such as injury to reputation close quote and a threat of injury to property is obviously a violent threat. Finally your honors I think we need to step back here for a minute and look at the subject matter here. Normally when we talk about the categorical approach we're trying to match state law with federal law but here we're talking about federal law in the Hobbs Act and federal law and the sentencing guidelines. Hobbs Act robbery is basic robbery under federal law. It's robbery affecting commerce which is the narrowest robbery that congress could reach. How strange it would be if basic robbery under federal law did not constitute robbery under the federal sentencing guidelines. So I'll conclude where I started with the standard of review that applies here. To constitute plain error and alleged error has to be not subject to reasonable dispute and I from the court will urge the court to affirm the district court. Mr. Simpson sorry if I could if I could just ask you if we agree with you in this case at least 10th circuit law would seem to suggest through the the recent decision that we're simply postponing the inevitable for a year or two until Mr. Jerry could bring an ineffective assistance claim under 2255. Actually your honor I'm postponing the inevitable until he brings a claim that may be correct. However we would submit that the lower courts the the trial attorneys performance was not ineffective assistance of course if Mr. Jerry brought such a claim we would have to address it then. But this court said just last year in United States versus Tyler this court that this court generally interprets crime of violence the same way under the guidelines and under 18 USC 924c. Yeah but that and that that's going back to when those definitions tracked each other much more closely than they do now after the sentencing commission amended. But your honor I think I think because of that because of that history that the court was generally looking at crime of violence under the guidelines and under 924c was generally looking at that phrase the same way. I think because of that trial counsel was was reasonable in in thinking that there would be no no basis no reason to make this objection in the trial court. Again obviously there is no ineffective assistance of claim here so we would have to address that if it were raised.  Anything further Mr. Simpson? No no thank you. Thank you. All right Ms. Garst I think your time has expired but you can have an additional minute if you have any closing thoughts. Yes I'd just like to respond briefly to Judge Hamilton's question about the 2255. Of course we believe that the the there would be a 2255 filed and that he could potentially be successful because you have all the other circuits that have already held that this is not Hobbs Act robbery is not a crime of violence. You also have Tyler which stated that this was an issue that was out there and that this could potentially again Hobbs Act robbery could potentially not be a crime of violence. And I think that the Cuthbertson case lays it out pretty pretty similarly to what would be raised in in this case that even under a Strickland test you're deficient for not looking around conducting reasonable research and making that argument in court. Thank you. Thank you very much. Our thanks to both counsel. The case is taken under advisement.